**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHARLES R. OGLE,** *et al.* <br> **Plaintiffs,** <br>  v. <br> **COLUMBIA GAS TRANSMISSION, LLC,** *et al.* <br> **Defendants.** | **Case No. 2:10-cv-1059** <br> **Judge Peter C. Economus** <br> **MEMORANDUM OPINION AND ORDER** |

Complaining of damages relating to the expansion of natural gas facilities on their land, Plaintiffs Charles and Melanie Ogle filed this action against Columbia Gas Transmission, LLC ("Columbia"); the following agents of Columbia: Defendants Minear, George, Burnsworth, Hovermale, Martin, Hedges, Riddle, Rowley, Carter, C&L Erectors and Riggers, Inc., Off Duty Services, Inc., and RMR Enterprises ("Columbia Agents"); the Federal Energy Regulatory Commission ("FERC"); the Board of Commissioners of Hocking County, Ohio (the "County Commissioners"); and several employees of the Hocking County Sheriff's Office (the "Sheriff Defendants," and collectively with the County Commissioners, the "County Defendants").[1] (Am. Compl. ¶¶ 2–18.) For the reasons set forth below, this case is hereby dismissed.

### I.     Background

Plaintiffs and Columbia agree that their relationship is grounded in a lease dated November 16, 1971 between Ethel G. Donahue and Columbia (the "Lease"). (Am. Compl. ¶ 21; Dkt. 10 at 3, Ex. A.) The Lease states that it grants the following rights to Columbia:

> [A]ll the oil and gas in and under the lands hereinafter described, together with the exclusive right at all time to enter thereon and drill for, produce and market oil and gas, the right to store gas in all strata underlying said premises, the right to inject and remove gas regardless of the source thereof in and from all such strata,

---

[1] Plaintiff also named Triana Energy, LLC as a defendant but voluntarily dismissed the claims against that company. (Dkt. 44.)

> the right to conduct geophysical tests thereon, the right to possess, use and occupy so much of said premises as is necessary and convenient for the purposes herein specified, and the right to consolidate the lands herein described with other lands as hereinafter provided, for a primary term of twenty (20) years . . . and so much longer thereafter as oil or gas is produced from said premises, or so long as gas is being injected, held in storage or withdrawn by [Columbia] . . .

(Dkt. 10 at 3, Ex. A.) When the Ogles purchased the property in 1990, a natural gas well and pipeline facilities had already been installed on the property. (Am. Compl. ¶ 21; Dkt. 10 at 4.)

In 2008, Columbia filed an application with FERC for permission to expand its natural gas facilities, including the placement of a second natural gas storage well on Plaintiffs' land. (Am. Compl. ¶ 25.) Plaintiffs intervened in the administrative process to oppose Columbia's application, but FERC ultimately granted a Certificate of Public Convenience and Necessity in March of 2009 (the "Certificate"). (*Id.* at ¶ 26; Dkt. 10, Ex. C.) The Ogles requested a rehearing, which FERC denied. (Dkt. 10, Ex. E.)

The parties then filed competing declaratory judgment actions in the Hocking County Court of Common Pleas. On June 5, 2009, Columbia initiated case number 09-cv-158, seeking "declaratory and injunctive relief to protect its right to gain access to, maintain and operate its natural gas storage well" on the Ogles' property. (Am. Compl. ¶ 30; Dkt. 10, Exs. M, V.) On October 9, 2009, the Ogles filed case number 09-cv-290, seeking a declaration that certain annual rent provisions of the Lease were unconscionable.[2] (Dkt. 10, Exs. O, V.) The two actions were consolidated as case number 09-cv-158, and after discovery and summary judgment briefing, the Ogles dismissed their affirmative declaratory relief claims against Columbia. The Hocking County Court of Common Pleas held in May of 2010 that the Lease granted to Columbia the right to enter upon the Ogles' property to maintain and operate its existing well and to install additional wells. (Dkt. 10 at 8, Exs. P, V.) The Ogles appealed the decision to

---

[2] On August 27, 2009, the Ogles had also petitioned the same court for an "expedited ex parte temporary restraining order and permanent injunctive relief" in case number 09-cv-241; the court denied the request. (Dkt. 10, Exs. H, V.)

2

Ohio's Fourth District Court of Appeals (Dkt. 10, Ex. W), where it is currently pending, and filed this case in November of 2010.

In their Amended Complaint, Plaintiffs challenge FERC's issuance of the Certificate and various related actions of Columbia, its agents, and local law enforcement personnel. Plaintiffs allege that Columbia made misrepresentations to FERC and failed to lawfully exercise the Certificate by failing to negotiate a compensation agreement with Plaintiffs; failing to initiate an action to determine compensation; failing to satisfy environmental standards; and seizing, damaging, and trespassing on Plaintiffs' property. (Am. Compl. ¶¶ 27–35.) All of Plaintiffs' claims arise out of FERC's issuance of the Certificate, Columbia's exercise of the Certificate, and actions by local law enforcement officers.

## II. Claims Against FERC

Defendant FERC sought dismissal of Plaintiffs' original complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Dkt. 12.) While FERC has not renewed its motion as to the Amended Complaint, "'federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.'" *N.H. Ins. Co. v. Home S&L Co.*, 581 F.3d 420, 423 (6th Cir. 2009) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)). As an initial matter, then, this Court must determine whether Plaintiffs' claims against FERC fall within the scope of the Court's jurisdiction.

Congress has prescribed an exclusive set of rules for challenging FERC's exercise of its regulatory responsibilities. The Natural Gas Act provides that "[a]ny person . . . aggrieved by an order issued by [FERC] in a proceeding under [the Natural Gas Act] to which such person . . . is a party may apply for a rehearing," and "[n]o proceeding to review any order of [FERC] shall be

brought by any person unless such person shall have made application to [FERC] for a rehearing thereon." 15 U.S.C. § 717r(a).  The Act further provides:

> Any party to a proceeding under [the Natural Gas Act] aggrieved by an order issued by the Commission [FERC][3] in such proceeding may obtain a review of such order in the [circuit] court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of [FERC] upon the application for rehearing, a written petition praying that the order of [FERC] be modified or set aside in whole or in part. . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. No objection to the order of [FERC] shall be considered by the court unless such objection shall have been urged before [FERC] in the application for rehearing unless there is reasonable ground for failure so to do. . . . The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of [FERC], shall be final, subject to review by the Supreme Court of the United States . . .

15 U.S.C. § 717r(b).

The Sixth Circuit has recognized that § 717r(b) "sets forth a highly reticulated procedure for . . . challenging[] a FERC certificate." *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010). Following a rehearing by FERC, "the aggrieved party may petition for review" in the appropriate court of appeals, which "thereafter has 'exclusive' jurisdiction 'to affirm, modify, or set aside [FERC's] order.'" *Id.* The Court emphasized that "[e]xclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court." *Id.*

---

[3] "The term 'Commission' refers to the Federal Power Commission prior to October 1, 1977, and to the Federal Energy Regulatory Commission [FERC] thereafter." *See Escondido Mut. Water Co. v. La Jolla Band of Mission Indians*, 466 U.S. 765, 767 n.1 (1984) (citing 42 U. S. C. §§ 7172(a), 7295(b)).

4

The Supreme Court interpreted an almost identical jurisdictional statute in *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958), finding that:

> Congress . . . prescribed the specific, complete and exclusive mode for judicial review of the Commission's orders. . . . It thereby necessarily precluded de novo litigation between the parties of all issues inhering in the controversy, and all other modes of judicial review.  Hence, upon judicial review of the Commission's order, all objections to the order, to the license it directs to be issued, and to the legal competence of the licensee to execute its terms, must be made in the Court of Appeals or not at all.

*City of Tacoma*, 357 U.S. at 336 (citations and emphasis omitted).  Other courts have applied the Supreme Court's analysis in *City of Tacoma* to the language of 15 U.S.C. § 717r(b).  *See Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 188 (8th Cir. 1988); *Williams Natural Gas Co. v. Okla. City*, 890 F.2d 255 (10th Cir. 1989).

Here, Plaintiff objects to FERC's issuance of the Certificate and to the exercise of the Certificate by Columbia Gas.  The Natural Gas Act requires, however, that "all objections to the order, to the license it directs to be issued, and to the legal competence of the licensee to execute its terms, must be made in the Court of Appeals or not at all." *See City of Tacoma*, 357 U.S. at 336.  This Court, therefore, lacks jurisdiction over claims challenging FERC's administrative process and decisions.  The claims against FERC are therefore **DISMISSED**.

### III. Claims Against Columbia and Its Agents

Plaintiffs allege that Columbia and the Columbia Agents entered onto, took possession of, and damaged their property "without any easement, right-of-way or damages compensation agreement."  (*See*, *e.g.*, Am. Compl. ¶ 37.)  Columbia and the Columbia Agents have filed several motions to dismiss these claims (Dkts. 8, 9, 28, 32, 38).

Plaintiffs contend that the Natural Gas Act, specifically 15 U.S.C. § 717f(h), required Columbia to enter into a compensation agreement, separate from the Lease, before entering their property to install the second gas well pursuant to the Certificate.  (Dkt. 18.)

5

>The Natural Gas Act provides:
>
>When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h). The condemnation action authorized by § 717f(h) "is designed to compensate the [landowners] for the losses caused by construction [under a certificate of public convenience and necessity]." *Am. Energy*, 622 F.3d at 606. The Sixth Circuit has explained:

>Federal courts entertaining FERC condemnation actions use the law of the state in which the condemned property is located . . . in determining the amount of compensation due. Under Ohio law, the landowner in an eminent domain action is entitled both to the value of the taken land and to "damages" to the "residue" of the property. Damages to the residue compensate for any injury that may result to the remaining lands by reason of the construction of the proposed improvement, measured by the difference in the residue's fair market value before and after the taking. A court determining fair market value should take into consideration every element that can fairly enter into the question of value.

*Id.* at 606–07 (quotations and citations omitted). Such an action may encompass all property losses caused by the execution of a certificate, regardless of how the landowners label their claims. For example, "[t]hat the [landowners] place a 'conversion' label on their claim for money damages does not change matters. . . . If the condemnation action will compensate for 'any injury' to the residue, taking into account 'every element' of the question of value, it may entertain the damages theory presented." *Id.* at 607.

This Court would have jurisdiction over a condemnation action under § 717f(h). As Columbia points out, however, the condemnation provisions in § 717f(h) apply only when the holder of the certificate "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way." 15 U.S.C. § 717f(h). As discussed above, the state court has already determined that the Lease provides Columbia

6

with the necessary right-of-way, precluding the need for a separate compensation agreement.[4] Because the matter of Columbia's right-of-way was previously resolved in state court, further litigation of this matter is now precluded under the doctrine of res judicata.

Under Ohio law, "'[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *State ex rel. Nickoli v. Metroparks*, 923 N.E.2d 588, 592 (Ohio 2010) (quotations omitted). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action," and "issue preclusion, or collateral estoppel, precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *Id.* at 592 (quotations omitted). For res judicata to apply, "'the parties to the subsequent action must be identical to or in privity with those in the former action.'" *Id.* at 593 (quotations omitted). However, "'a declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced.'" *Id.* at 593 (quotations omitted).

Here, Plaintiffs seek to relitigate a question previously decided by the Hocking County Court of Common Pleas. That court already determined that the Lease provides Columbia with the right to enter upon the Ogles' property to maintain and operate its existing well and to install additional wells. (Dkt. 10, Ex. V.) Therefore, with the exception of Plaintiffs' state law claims against Columbia for breach of contract and unconscionability of the Lease, this Court **DISMISSES** the claims against Columbia and the Columbia Agents. Because Plaintiffs'

---

[4] The state court determined that the Lease granted to Columbia the right to enter upon the Ogles' property to maintain and operate its existing well and to install additional wells. (Dkt. 10, Ex. V.) While the court left open the question of Plaintiffs' potential remedies under federal law (*see id.*), Plaintiffs have identified no viable claims under federal law.

contract and unconscionability claims were dismissed from the state court action prior to that court's entry of declaratory judgment, such claims are not precluded by res judicata, *see Metroparks*, 923 N.E.2d at 593, and are addressed below. For the reasons set forth below as to Plaintiffs' claims against the County Defendants, the Court also dismisses the claims against Columbia for vicarious liability for the County Defendants' actions.

### IV. Claims Against the County Defendants

Plaintiffs allege generally that the County Defendants "committed defamation and inflicted intentional emotional distress upon the Ogles through invasion of privacy, malicious prosecution, civil conspiracy, negligence, gross negligence, negligent hiring, retention and supervision under the laws of the State of Ohio, and have violated the Ohio Constitution and the United States Constitution and 42 U.S.C. § 1983." (Am. Compl. ¶ 104.) Plaintiffs further allege that the Sheriff Defendants trespassed on their property and "establish[ed] a police state against the Ogles' rights of free speech and liberty on their own property" by "monitoring and communicating with the duty dispatcher . . . reporting, photographing and recording [the Ogles'] movement and speech . . . on their own property." (*Id.* at ¶¶ 108–10.) According to the Amended Complaint, one of the Sheriff Defendants "unlawfully pursued Melanie A. Ogle on the Ogles' property to arrest her for charges he fabricated" and that Columbia committed "perjury and provid[ed] false or misleading information to the Prosecutor" in connection with such charges. (*Id.* at ¶¶ 111, 113.) The Sheriff Defendants allegedly "[wrote] police incident reports that reported free speech and liberties of the Ogles as crimes on their own property . . . committing perjury." (*Id.* at ¶ 115.) Aside from the relevant dates, the Amended Complaint contains no further details.

8

The County Defendants seek dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal if the complaint fails to state a claim upon which relief can be granted. (Dkts. 21, 57; *see* Dkt. 56.) While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

The Court finds that Plaintiffs' allegations against the County Defendants are insufficient to state a plausible claim. Plaintiffs' allegation that the County Defendants conducted surveillance on Plaintiffs' property does not, by itself, establish a violation of Plaintiffs' rights. The remaining allegations fit the description of "legal conclusion[s] couched as a factual allegation[s]." *Iqbal.*, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555); *see Moldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009) (dismissing malicious prosecution claim where plaintiff made only conclusory allegations of false evidence). The Court therefore **GRANTS** the County Defendants' motions (Dkts. 21, 57) and **DISMISSES** Plaintiffs' claims against the County Defendants.

### V. <u>Remaining State Law Claims</u>

Because the Court disposes of Plaintiffs' federal claims by this Order, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Columbia for

breach of contract and unconscionability. 28 U.S.C. § 1367(c)(3). Consequently, such state law claims are hereby **DISMISSED WITHOUT PREJUDICE**. *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

### VI.  Conclusion

For the reasons discussed above, FERC's motion to dismiss the original complaint is **DENIED AS MOOT** (Dkt. 12), but the claims against FERC are **DISMISSED** for lack of jurisdiction. The motions to dismiss filed by Columbia and the Columbia Agents (Dkts. 8, 9, 28, 32, 38) are **GRANTED**, and the claims against such defendants are **DISMISSED**, except that Plaintiff's state law claims against Columbia for breach of contract and unconscionability are **DISMISSED WITHOUT PREJUDICE**. The motions to dismiss filed by the County Defendants (Dkts. 21, 57) are **GRANTED**, and the claims against such defendants are **DISMISSED.** The Court **DENIES** Plaintiffs' motion for an injunction (Dkt. 20), the motion to strike Plaintiffs' affidavits and for related sanctions filed by Defendants Riddle and C&L Erectors and Riggers, Inc. (Dkt. 52), and the County Defendants' motion to strike (Dkt. 54). The Court hereby **DISMISSES** this case and **DIRECTS** the Clerk to enter judgment.

**IT IS SO ORDERED.**

                                            **/s/ Peter C. Economus  -  August 17, 2011**
                                            **UNITED STATES DISTRICT JUDGE**