```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Charles R. Ogle, et al.,        :

    Plaintiffs,             :

    v.                      :      Case No. 2:10-cv-1059

Columbia Gas Transmission,      :      JUDGE PETER C. ECONOMUS
LLC, fka Columbia Gas                  Magistrate Judge Kemp
Transmission Corp., et al.,     :

    Defendants.             :


                         OPINION AND ORDER

    This case involves, as the Court of Appeals has put it, Plaintiffs Charles and Melanie Ogle's claim for "damages and injunctive relief relating to the expansion of natural-gas facilities on their land ...." See Ogle v. Columbia Gas Transmission Co., LLC, Case No. 11-4155 (6th Cir. January 31, 2013), slip op. at 2. More particularly, Columbia Gas Transmission asked, in 2008, for permission from the Federal Energy Regulatory Commission to place a second storage well and an access road on the Ogles' property. Permission was granted, and the Court has dismissed all of the Ogles' claims for injunctive relief, so the remaining issue in the case is damages. Those damages are limited to the effect that Columbia's actions had on the property prior to November 5, 2009, when the property was transferred to Ogleshill Farm, LLC. See Opinion and Order of August 9, 2013 (dismissing all other claims for lack of standing). According to the most recent scheduling order, Doc. 117, fact discovery is to be completed by September 2, 2014, and dispositive motions are due by January 15, 2015.

    There are a number of discovery motions outstanding. They include the Columbia Defendants' motion for disclosure and to compel discovery (Doc. 105), the Ogles' motion for a protective order (Doc. 112), the Ogles' motion to compel discovery (Doc. 113), a motion to quash a subpoena served on Ogleshill Farm, LLC

(Doc. 120), and a motion for investigation into a missing colloquy that occurred during a deposition (Doc. 121). This Opinion and Order will address all of these motions.

I.

In their motion to compel disclosure and discovery, the Columbia Defendants ask the Court to force the Ogles to provide information and documentation about their damages claims. The Columbia Defendants served discovery on that issue in February, 2014, asking for specifics about each of the eight categories of damages alleged by the Ogles. The Ogles responded that they had not determined the extent of their damages at that time and had no documents to produce. They were also deposed but did not provide any more specifics in response to questions about damages.

The Ogles have not specifically responded to the motion to compel, but the Court understands their position to be that their damages claims will all be covered by their expert witness report. The Court had set a date of October 2, 2014, for disclosure of that report, which the Ogles, by motion filed on July 24, 2014, now seek to have postponed to December 1, 2014, on grounds that their expert cannot do the necessary work until the month of November, 2014. The time for filing a response to that motion has not yet passed.

The Ogles have an obligation, during either the fact or expert discovery period, to specify their damages and to provide the Columbia defendants with any and all documents which support their claims. They may well need an expert to assist them in quantifying their damages, and may also need help from that expert to identify relevant documents (if, indeed, there are any). As long as it does not disrupt the case schedule, there would appear to be no harm to the Columbia Defendants if further responses to their interrogatories and document requests are deferred until the expert report is disclosed. If that report does not address all areas of damage about which the Ogles intend

to offer evidence (including their own testimony) at trial, however, they must then supplement their prior answers with information in addition to the expert report, and may be subject to an additional deposition as to any supplemental information they provide.  The Court will resolve any issues arising from those circumstances if and when that situation occurs, but it will insure that prior to the end of all discovery, the Columbia Defendants have all the information the Ogles possess, both by way of testimony and documents, relating to their damages claims. If there is any information the Ogles do not provide during discovery, they will not be able to use that information at the trial.  See Fed.R.Civ.P. 26(e)(1)("A party who has ... responded to an interrogatory, [or] request for production ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"); Fed.R.Civ.P. 37(c)(1)("If a party fails to provide information ... as required by Rule 26(e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial").

II.

The Ogles' motion for a protective order was filed on May 9, 2014.  In their motion, they assert that the "Defendants' attorneys have repeatedly harassed Plaintiffs throughout discovery about answering questions related to Ogleshill Farm, LLC" and that they have demanded that Ogleshill Farm be a party to any settlement.  Motion for a Protective Order, Doc. 112, at 1.  They ask the Court to preclude the Defendants from any additional questioning or demands about Ogleshill Farm.  The same issue is raised in their motion to quash, which is directed to a deposition subpoena issued to Ogleshill Farm, LLC.  According to the Ogles, since the damages in this case are limited to those

which occurred prior to the November 5, 2009 transfer of ownership of the property to Ogleshill Farm, "Defendants can offer no reasonable explanation as to why a deposition of Ogleshill Farm, LLC is warranted." Motion to Quash, Doc. 120, at 2.

The Columbia Defendants' position on this issue is set forth in their response to the motion for a protective order. In addition to raising a number of arguments not directly related to the merits of the motion, they contend that the relationship between the Ogles and Ogleshill Farm, LLC is a relevant topic for discovery because both the terms of the property transfer and the Ogles' ability to continue to reside on and otherwise use the property relates to their damage claim.

The Court understands the Ogles' reluctance to permit discovery concerning Ogleshill Farm given the prior ruling limiting damages in this case to only the injury to the property, or loss of value of the property, which occurred prior to the transfer of ownership. But the Columbia Defendants have the better of this argument.

Relevance, for discovery purposes, is broader than relevance for trial purposes. Fed.R.Civ.P. 26(b)(1) permits discovery of both evidence which would be admissible at trial and of information "reasonably calculated to lead to the discovery of admissible evidence." Consequently, "just because something may not be admissible under the Federal Rules of Evidence does not mean that it is not discoverable." Levick v. Malmonides Medical Center, 2011 WL 1673782, *3 (E.D.N.Y. May 3, 2011). As this Court has often recognized, "[t]he Federal Rules of Civil Procedure authorize extremely broad discovery," and "[i]nformation subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with those claims or defenses." See Guild Associates, Inc. v. Bio-Energy

-4-

(Washington) LLC, 2014 WL 2767605, *12-13 (S.D. Ohio June 18, 2014).

    Judged by these standards, at least some amount of information about both the transfer of ownership of the property to Ogleshill Farm, LLC, and the use of the property after transfer may relate to the Ogles' claim of damage to the property prior to the transfer.  One rule which applies to the type of damage claim asserted by the Ogles has been stated this way: "When, in a partial taking, the landowner asks the condemnation court for damages to the remainder, the court asks whether the remainder will be less valuable as a result of the taking." United States v. 101.88 Acres of Land, More or Less, Situated in St. Mary Parish, State of La., 616 F.2d 762, 768-69 (6th Cir. 1980); see also United States v. 329.05 Acres of Land, More or Less, Situate in Town of Newburgh, Orange County, N.Y., 156 F.Supp. 67, 71 (S.D.N.Y. 1957)("[t]he valuation of an easement necessarily must be measured by the loss or diminution in value of the lands upon which the easements are imposed and which directly result from the restrictions or limitations upon the use of the land imposed by the easements appropriated"), aff'd sub nom. United States v. Kooperman, 263 F.2d 331 (2d Cir. 1959). The actual use to which the land has been put after the partial taking is relevant to this question.  While it may not definitively answer the question of whether the taking has limited the use of the property, it would show that certain uses have not been limited because the owner still uses the property in that way even after the taking occurred.  Further, in condemnation cases, sales of similar or comparable properties may be used to show the market value of the property in question, and "[t]here is no absolute rule which excludes evidence of sales of similar property made subsequent to the condemnation action." See United States v. 691.81 Acres of Land, More or Less, Situate in Clark County, State of Ohio, 443 F.2d 461, 462 (6th Cir. 1971).  That would certainly include the sale of the exact

-5-

property in question if the sale occurred in the context of an arms-length transaction.  Consequently, evidence about how the sale to Ogleshill Farm, LLC took place, and the price paid, is potentially relevant to the issue of how much value, if any, the property lost as a result of the takings at issue.  The Defendants are therefore entitled to pursue discovery on these issues.

The parties have also addressed whether Defendants may legitimately insist on Ogleshill Farm, LLC being a party to any settlement.  That is simply not an issue for the Court to decide.  While the Court has some authority over the settlement process, which includes requiring parties to engage in mediation and doing so in good faith, "a court cannot force a party to settle."  In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 382 (S.D.N.Y. 2011).  The parties ultimately choose the terms on which they will settle, and if a particular term is important to one party, it is not the Court's job to second-guess that decision, nor does the Court have the authority to veto it.  Thus, that portion of the Ogles' motion raises an issue which the Court cannot properly address.

                                III.

The Ogles' motion to compel discovery asserts that Defendants have been evasive in the answers they provided to written discovery.  That includes, according to the motion to compel, withholding the names of witnesses (including expert witnesses) and failing to provide supplementary document discovery.  They have attached the discovery they served and the answers from various Defendants, but have not stated more specifically which interrogatories or document requests they believe require further answers, other than their reference to witnesses.

Both groups of remaining defendants have responded to the motion.  The Columbia Defendants' response (Doc. 115) states that (1) Columbia has provided the names of its involved employees,

-6-

either by interrogatory answer or document, and does not know the names of all individuals employed by its contractors (but the contractors have provided such information in discovery); (2) the Columbia Defendants will submit an expert report if deemed necessary in response to any such report that the Ogles produce; and (3) the motion does not sufficiently identify what supplemental documents the Ogles are asking for - and if it refers to documents relating to other landowners, the Ogles never formally requested such documents.  The Columbia Defendants also point out that the motion to compel was not accompanied by either an effort to resolve the issues presented on an extrajudicial basis (that is, between the parties without the involvement of the Court) or a certification that such an effort took place. That certification is required by Fed.R.Civ.P. 37(a)(1), which reads in full:
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

In their separate response to the motion to compel, see Doc. 118, the Off Duty Services Defendants make essentially the same response, also stating that they have no additional responsive documents which they could produce even if ordered to do so.

The Defendants are correct that the motion is procedurally defective because it is not accompanied by the certification required by Rule 37(a)(1).  This Court has, in the past, denied motions to compel for this reason, even motions filed by *pro se* litigants, stating that "Plaintiff's status as a pro se litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure ...."  Despot v. American Income Life Ins. Co., 2012 WL 787387, *1 (S.D. Ohio March 9, 2012).  The rule is not just a formality; it was designed to "avoid

unnecessary court intervention, protracted legal proceedings and needless expense and fees." See Hilton-Rorar v. State and Federal Communications, Inc., 2010 WL 148127, *1 (N.D. Ohio Jan. 7, 2010), citing Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 182 (3d Cir. 2003).  Deciding discovery motions which do not comply with the Rules is not an efficient way to proceed; as this Court has also said, "[t]he Court does not believe that disregarding the certification requirement of Civil Rule 37 or Local Rule 37 in any way promotes efficiency." Avis Rent A Car System, LLC v. City of Dayton, Ohio, 2013 WL 3781784, *5 (S.D. Ohio July 18, 2013).

Having said that, it also appears that the motion lacks merit.  All responding defendants assert that they have adequately disclosed the names of the people involved with the construction on the property and have produced all documents relevant to those operations.  They are correct that the Ogles have not asked for information about other properties, so there is nothing to compel with respect to that issue.  And, like the Ogles, they may defer producing any expert opinions on the issue of damages until the time set by the Court's scheduling order. Therefore, the Court will deny the motion to compel.

IV.

The final motion before the Court is the Ogles' request for an investigation into an exchange they had with counsel at Mr. Ogle's March 24, 2014 deposition.  They claim that the colloquy should have been on the record but that it is not.  They have not filed any portion of the transcript with the Court, and Defendants have not responded to the motion.

The Court ordinarily does not initiate investigations into matters which occur during discovery.  Its powers over discovery are generally set out in Rules 26-37 and Rule 45 of the Federal Rules of Civil Procedure.  It is difficult to determine which of these rules is being invoked by Plaintiff's motion.  Without more information, such as evidence that the transcript of the

deposition is actually incomplete, and an explanation from someone - perhaps the court reporter - as to why this particular discussion did not appear on the record, the Court cannot enter any type of order. If some type of sanction is being asked for, the current record is simply too sparse to justify relief.

V.

For the reasons set forth above, the following motions are denied: the Ogles' motion for a protective order (Doc. 112), the Ogles' motion to compel discovery (Doc. 113), the motion to quash a subpoena served on Ogleshill Farm, LLC (Doc. 120), and the motion for investigation into a missing colloquy that occurred during a deposition (Doc. 121). The Columbia Defendants' motion for disclosure and to compel discovery (Doc. 105) is granted to this extent: no later than the expert witness disclosure date, the Ogles shall disclose all information in their possession, including any responsive documents, which explain or support their claim for damages. Should they fail to do so, the Court may preclude them from offering any evidence not disclosed in response to this order.

VI.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the

Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge